Neil S. Lerner (SBN 134031)
Mina M. Morkos (SBN 297160)
**COX WOOTTON LERNER GRIFFIN & HANSEN, LLP**
12011 San Vicente Blvd # 600
Los Angeles, CA 90049
Telephone Number: (310) 440-0020
Fax Number: (310) 440-0015
E-mail:  nsl@cwlfirm.com
              mmorkos@cwlfirm.com

Attorneys for Plaintiffs-in-Limitation,
JEREME CRIST, ERICA CRIST and JOANNA JACKSON,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA (EASTERN DIVISION)

| | |
|---|---|
| In the matter of the Complaint of<br><br>JEREME CRIST, ERICA CRIST, and JOANNA JACKSON, as the owners of a certain 2004 26' Sleekcraft Enforcer, bearing Hull Identification Number NAS2606E404, and her engines, tackle, appurtenances, etc.<br><br>For exoneration from, or limitation of, liability. | Case No.: 5:19-cv-00390- JGB (KKx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS-IN-LIMITATION JEREME CRIST, ERICA CRIST, AND JOANNA JACKSON'S MOTION TO STRIKE CLAIMANT TODD W. LEWIS' JURY DEMAND**<br><br>Date:      July 1, 2019<br>Time:      9:00 a.m.<br>Place:     Courtroom 1<br>               3470 Twelfth Street<br>               Riverside, CA 92501 |

Plaintiffs-in-Limitation JEREME CRIST, ERICA CRIST, and JOANNA JACKSON ("PLAINTIFFS-IN-LIMITATION") move the Court to strike the jury demand of Claimants TODD W. LEWIS, individually and as Executor of the Estate of CHRISTINE LEWIS, and as Guardian for minors K.L., C.L., Z.L. (collectively referred to as "Claimants") on the grounds that, as a general rule, claimants in an

1

Admiralty Limitation of Liability Action are not entitled to a jury trial, and none of the exceptions to that general rule apply.[1]

**A. Plaintiffs-in-Limitation's Claim for Exoneration from, or Limitation of, Liability Falls Squarely Within the Court's Exclusive Admiralty Jurisdiction**

Plaintiffs-in-Limitation's Complaint presents a claim for exoneration from, or limitation of, liability ("limitation claim") in accordance with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules") and Section 30505 of Title 46 of the United States Code. It is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Compl. ¶ 1; Supp. Admiralty R. Rule A. Therefore, it falls within the Court's admiralty jurisdiction.

The Court's power to hear admiralty claims is granted in Article III, Section 2 of the U.S. Constitution. "The judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction . . . ." The Judiciary Act of 1789 "codified this grant of exclusive jurisdiction . . . ." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443; 121 S.Ct. 993; 148 L.Ed. 931 (2001). The current codification states, "The district courts shall have original jurisdiction, exclusive of the Courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

The Court has original and exclusive federal jurisdiction over this limited action. *See In re McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 826 (7th Cir. 1996); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996); *Gorman v. Cerasia*, 2 F.3d 519, 524 (3d Cir. 1993); *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983) (per curiam); *In re Kirby Inland Marine, L.P.*, 237 F. Supp. 2d 753, 754-55 (S.D. Tex. 2002) ("Federal courts have exclusive admiralty

---

[1] Counsel met and confer pursuant to L.R. 7-3, but were unable to reach a stipulation. Declaration of Mina M. Morkos, ¶¶ 2 - 5.

jurisdiction over actions to determine whether a vessel owner is entitled to limited liability."); *In re Luhr Brothers Inc.*, 765 F. Supp. 1264, 1267 (W.D. La. 1991); *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.,* 836 F.2d 750, 754 (2d Cir. 1988).

**B. In a Limitation Proceeding, the Court, Not a Jury, Determines What Caused the Loss and Whether the Shipowner had Privity or Knowledge of the Cause**

One of the primary purposes of a limitation proceeding "is to provide a concourse for the determination of liabilities arising out of marine casualties where asserted claims exceed the value of the vessel, so there can be an effective marshaling of assets." *Anderson v. Nadon*, 360 F.2d 53, 57 (9th Cir. 1966).

The U.S. Supreme Court has addressed the issue at the heart of this motion as follows:

> The district court secures the value of the vessel or owner's interest, marshal's claims, and enjoins the prosecution of other actions with respect to the claims. <u>In these proceedings, the court, sitting without a jury, adjudicates the claims</u>. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants. (Emphasis Added).

*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. at 448 (2001).

Thus, "the district court performs two chief functions: (1) if the district court determines that the loss occurred without the vessel owner's knowledge or privity, then the court must limit the owner's liability to the value of the vessel and its cargo- the limitation fund-46 U.S.C. § 183(a); (2) if the claims together exceed the limitation fund, then the court must provide for 'the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full.'" *Newton*, 718 F.2d at 961, *quoting In re Moran Transp. Co.*, 185 F.2d 386, 389 (2d Cir. 1950), *cert. denied*, 340 U.S. 953 (1951).

The determination of a limitation of liability claim is a two-step process. "First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *In re Lloyd's Leasing Ltd.*, 764 F. Supp. 1114, 1133 (S.D. Tex. 1990); *In re Muer*, 146 F.3d 410, 416 (6th Cir. 1998); *In re Consolidation Coal Co.*, 123 F.3d 126, 132 (3d 1997); *Beiswenger*, 86 F.3d at 1036; *Gorman*, 2 F.3d at 524; *In re Great Lakes Dredge & Dock Co.*, 895 F. Supp. 604, 614 (S.D.N.Y. 1995); *In re Poling Transp. Co.*, 776 F. Supp. 779, 782 (S.D.N.Y. 1991); *Ruiz v. Puerto Rico Sun Oil Co.*, 497 F. Supp. 298, 299 (D.P.R. 1980).

**C. No Party to this Limitation Proceeding Has the Right to a Jury Trial**

The determination of liability is made by the court, not by a jury. Parties in admiralty cases generally have no right to trials by jury. *Beiswenger*, 86 F.3d at 1037; *Gorman*, 2 F.3d at 524; *Newton*, 718 F.2d at 962; *Kirby Inland Marine*, 237 F. Supp. 2d at 755; *Great Lakes Dredge & Dock*, 895 F. Supp. at 608. Claimants in a Limitation Action are no exception. "In exercising [its] equitable power, of course, the admiralty court must necessarily deny claimants their right to pursue common law claims before a jury. There is no right to a jury in actions instituted in admiralty . . . ." *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988), *quoted in Gorman*, 2 F.3d at 524; *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 450 (4th Cir. 1999); *Muer*, 146 F.3d at 417; *In re McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 826 (7th Cir. 1996); *Beiswenger*, 86 F.3d at 1037; *Urbaniak v. Shoreline Cruises, Inc.*, 459 F. Supp.2d 154, 156 (N.D.N.Y. 2006); *In re J.A.R. Barge Lines, L.P.*, 307 F. Supp.2d 668, 674 (W.D. Penn. 2004); *Kirby Inland Marine*, 237 F. Supp. 2d at 755 ("As in all cases brought pursuant to admiralty jurisdiction, there is no right to a jury trial in limitation proceedings."); *Great Lakes Dredge & Dock*, 895 F. Supp. at 614; *In re Luhr*

4

*Brothers Inc.*, 765 F. Supp. 1264, 1267 (W.D. La. 1991); *In re Lloyd's Leasing Ltd.*, 764 F. Supp. 1114, 1133 (S.D. Tex. 1990); *Ruiz*, 497 F. Supp. at 299 ("This entire proceeding in admiralty is conducted without a jury."); *Doughty v. Nebel Towing Co.*, 270 F. Supp. 957, 959 (E.D. La. 1967) ("There is of course no right to a trial by jury in admiralty proceedings, and when the Limitation Act is invoked by a separate proceeding the case is clearly one to be tried by the Admiralty Court."). *See Consolidation Coal*, 123 F.3d at 134; *Valley Line Co. v. Ryan*, 771 F.2d 366, 372 (8th Cir. 1985).

Rule 38(e) of the Federal Rules of Civil Procedure specifically states that the rules "will not be construed to create a right to trial by jury of the issues in admiralty or maritime claim within the meaning of Rule 9(h)."[2] Plaintiffs-in-Limitation's Complaint is an admiralty claim cognizable only in admiralty and within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

In two limited instances – none of which are applicable here – limitation claimants do have the right to demand a jury trial, to wit: (1) an independent jurisdictional basis, and (2) a statutory right.

1. **<u>No Independent Jurisdictional Basis Creates a Right to a Jury Trial in This Limitation Proceeding</u>**

---

[2] Rule 9(h) of the Federal Rules of Civil Procedures provides, in pertinent part:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS-IN-LIMITATION JEREME CRIST, ERICA CRIST, AND JOANNA JACKSON'S MOTION TO STRIKE CLAIMANT TODD W. LEWIS' JURY DEMAND

The first instance is where claimants bring a claim on an independent jurisdictional basis, such as diversity or federal question jurisdiction. *Consolidation Coal*, 123 F.3d at 134; *Great Lakes Dredge & Dock*, 895 F. Supp. at 612; *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1064-65 (5th Cir. 1985); *Red Star Towing & Transp. Co. v. The Cargo Ship "Ming Giant", Yangming Marine Transp. Co.*, 552 F. Supp. 367, 371 (S.D.N.Y. 1982). Here, however, Claimants have not pled such an independent jurisdictional basis for their claims, nor does one exist.

### 2. *No Statute Creates a Right to a Jury Trial in This Limitation Proceeding*

The second instance in which a claimant in a limitation proceeding may demand a jury trial is where a statute creates the right to a jury trial. Although three statutes create such a right, none of them apply to this limitation proceeding.

Section 1873 of Title 28 of the United States Code creates a right to jury trials in cases involving vessels over 20 tons engaged in coastwise trade on lakes and the navigable waters connecting lakes. Section 30104 of Title 46, commonly referred to as the Jones Act, creates a right to jury trials in cases involving professional seafarers' personal injury and death claims against their employers. Neither statute is applicable to Plaintiffs-in-Limitation's instant action for exoneration from, or limitation of, liability or Claimants' claims.

The third statute, 28 U.S.C. § 1333(1), also known as the "saving to suitors" clause, preserves a claimant's right to a jury trial on common law claims when proceeding in admiralty. *See Muer*, 146 F.3d at 417; *Consolidation Coal*, 123 F.3d at 132; *In re McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 827 (7th Cir. 1996); *Beiswenger*, 86 F.3d at 1036; *Gorman*, 2 F.3d at 524; *Dammers*, 836 F.2d at 755; *Valley Line*, 771 F.2d at 372; *Great Lakes Dredge & Dock*, 895 F. Supp. at 608; *Poling Transp.*, 776 F. Supp. at 782. However, Section 1333(1) creates a tension between two statutes – one that precludes a jury trial and one that affords a jury trial for common law claims.

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS-IN-LIMITATION JEREME CRIST, ERICA CRIST, AND JOANNA JACKSON'S MOTION TO STRIKE CLAIMANT TODD W. LEWIS' JURY DEMAND

1  "In resolving this tension, the 'primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Beiswenger*, 86 F.3d at 1037, *quoted in Muer* at 417 (quoting *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) and citing *Gorman*, 2 F.3d at 526); *Ruiz*, 497 F. Supp. at 300 ("[T]he only material consideration in determining whether the limitation proceedings will supersede the claimant(s) rights under the "saving to suitors" clause is whether the fund is sufficient to meet all demands.").

The Supreme Court has held that claimants in a limitation proceeding may bring savings clause cases in state court before a jury, rather than in a district court in a bench trial, in two specific sets of circumstances that preserve the shipowner's right. *Muer*, 146 F.3d at 417; *Consolidation Coal*, 123 F.3d at 132(3d 1997); *Beiswenger*, 86 F.3d at 1036; *Gorman*, 2 F.3d at 524; *Dammers*, 836 F.2d at 755; *Valley Line*, 771 F.2d at 372-73; *Newton*, 718 F.2d at 962; *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 549 (5th Cir. 1960); *Kirby Inland Marine*, 237 F. Supp. 2d at 755; *Poling Transp.*, 776 F. Supp. at 783.

First, savings suit cases stemming from a Limitation Action are triable to juries in state courts when claimants stipulate that the aggregate amount of their claims does not exceed the value of the limitation fund. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. at 450 (2001); *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152; 77 S. Ct. 1269; 1 L. Ed. 2d 1246 (1957). Here, no such stipulation exists.

Second, savings clause suits stemming from a Limitation Action are also possible where the federal court retains jurisdiction over the limitation issue and there is only a *single* claimant. *Lewis & Clark*, 531 U.S. at 450-51; *Langes v. Green*, 282 U.S. 531, 542; 51 S.Ct. 243; 75 L.Ed. 520 (1931). Here, because there are multiple claimants, this jury trial exception does not apply.

## D. Conclusion

Because a Limitation Action claims falls directly within the Court's admiralty jurisdiction no party in this action has a right to a jury trial. Although statutes and claims with independent jurisdictional bases may generally, in different circumstances, create such a right, no statute does so here, and the parties have not pled an independent basis for Federal jurisdiction (nor can they).

Plaintiffs-in-Limitation therefore request that the Court strike Claimants' demand for a jury trial.

DATED: May 24, 2019

COX WOOTTON LERNER
GRIFFIN & HANSEN LLP

By: /s/ Mina M. Morkos
Neil S. Lerner. Esq.
Mina M. Morkos, Esq.
Attorneys for Plaintiffs-in-Limitation:
JEREME CRIST, ERICA CRIST, and
JOANNA JACKSON