Neil S. Lerner (SBN 134031)
Mina M. Morkos (SBN 297160)
**COX WOOTTON LERNER GRIFFIN & HANSEN, LLP**
12011 San Vicente Blvd # 600
Los Angeles, CA 90049
Telephone Number: (310) 440-0020
Fax Number: (310) 440-0015
E-mail: nsl@cwlfirm.com
mmorkos@cwlfirm.com

Attorneys for Plaintiffs-in-Limitation,
JEREME CRIST, ERICA CRIST and JOANNA JACKSON,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA (EASTERN DIVISION)**

In the matter of the Complaint of

JEREME CRIST, ERICA CRIST, and JOANNA JACKSON, as the owners of a certain 2004 26' Sleekcraft Enforcer, bearing Hull Identification Number NAS2606E404, and her engines, tackle, appurtenances, etc.

For exoneration from, or limitation of, liability.

Case No.: 5:19-cv-00390- JGB (KKx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS-IN-LIMITATION JEREME CRIST, ERICA CRIST, AND JOANNA JACKSON'S MOTION TO STRIKE CLAIMANTS' JURY DEMAND, ADVISORY JURY DEMAND, REFERENCES TO DIVERSITY JURISDICTION, AND THE "COUNTERCLAIM"**

Date: July 1, 2019
Time: 9:00 a.m.
Place: Courtroom 1
3470 Twelfth Street
Riverside, CA 92501

# TABLE OF CONTENTS

**I.** THERE IS NO RIGHT TO A JURY, OR AN ADVISORY JURY, IN A LIMITATION OF LIABILITY ACTION .......... 6

A. Plaintiffs-in-Limitation's Complaint for Exoneration from, or Limitation of, Liability Falls Squarely Within the Court's Exclusive Admiralty Jurisdiction .......... 6

B. In a Limitation Proceeding, the Court, Not a Jury, Determines What Caused the Loss and Whether the Shipowner had Privity or Knowledge of the Cause .......... 7

C. No Party to this Limitation Proceeding Has the Right to a Jury .......... 8

1. No Independent Jurisdictional Basis Creates a Right to a Jury Trial in This Limitation Proceeding .......... 10

2. No Statute Creates a Right to a Jury Trial in This Limitation Proceeding .......... 10

**II.** ALL REFERENCES TODIVERSITY OF JURISDICTION SHOULD BE STRICKEN FROM CLAIMANTS' PLEADING .......... 13

**III.** ALL REFERENCE TO THE WORD "COUNTERCLAIM" SHOULD BE STRICKEN AND REPLACED WITH THE WORD "CLAIM" .......... 14

**IV.** CONCLUSION .......... 16

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS-IN-LIMITATION JEREME CRIST, ERICA CRIST, AND JOANNA JACKSON'S MOTION TO STRIKE CLAIMANTS' JURY DEMAND, ADVISORY JURY DEMAND, REFRENCES TO DIVERSITY JURISDICTION, AND THE "COUNTERCLAIM"

## TABLE OF AUTHORITIES

**Cases**

*Acacia Vera Navigation Co., Ltd. v. Kezia, Ltd.*, 78 F.3d 211, 1996 A.M.C. 2592 (5th Cir. 1996) .......................................... 15

*Anderson v. Nadon*, 360 F.2d 53 (9th Cir. 1966) .......................................................................... 7

*Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996) ........................................................ 7,8,9,11,12

*Doughty v. Nebel Towing Co.*, 270 F. Supp. 957 (E.D. La. 1967) ..................................................................... 9

*Gorman v. Cerasia*, 2 F.3d 519 (3d Cir. 1993) ............................................................... 7,8,9,11,12

*In re Consolidation Coal Co.*, 123 F.3d 126 (3d 1997) ................................................................. 8,9,10,11,12

*In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750 (2d Cir. 1988) ............................................................... 7,9,11,12

*In re Great Lakes Dredge & Dock Co.*, 895 F. Supp. 604 (S.D.N.Y. 1995) ..................................................... 8,9,10,11

*In re Incident Aboard D/B Ocean King*, 758 F.2d 1063 (5th Cir. 1985) ....................................................................... 10

*In re J.A.R. Barge Lines, L.P.*, 307 F. Supp.2d 668 (W.D. Penn. 2004) ........................................................... 9

*In re Kirby Inland Marine, L.P.*, 237 F. Supp. 2d 753 (S.D. Tex. 2002) .............................................. 7,9,12

*In re Lloyd's Leasing Ltd.*, 764 F. Supp. 1114 (S.D. Tex. 1990) ................................................... 8,9

*In re Luhr Brothers Inc.*, 765 F. Supp. 1264 (W.D. La. 1991) ............................................................. 7,9

*In re McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821 (7th Cir. 1996) ........................................................................ 7,9,11

*In re Moran Transp. Co.*, 185 F.2d 386 (2d Cir. 1950), *cert. denied*, 340 U.S. 953 (1951) ...................... 8

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS-IN-LIMITATION JEREME CRIST, ERICA CRIST, AND JOANNA JACKSON'S MOTION TO STRIKE CLAIMANTS' JURY DEMAND, ADVISORY JURY DEMAND, REFRENCES TO DIVERSITY JURISDICTION, AND THE "COUNTERCLAIM"

*In re Muer*,
146 F.3d 410 (6th Cir. 1998) .......................................................... 8,9,11,12

*In re Poling Transp. Co.*,
776 F. Supp. 779 (S.D.N.Y. 1991) ....................................................8,11,12

*Lake Tankers Corp. v. Henn*,
354 U.S. 147; 77 S. Ct. 1269; 1 L. Ed. 2d 1246 (1957) ...............................12

*Langes v. Green*, 12282 U.S. 531; 51 S.Ct. 243; 75 L.Ed. 520 (1931) ....................7

*Lewis v. Lewis & Clark Marine, Inc.*,
531 U.S. 438; 121 S.Ct. 993; 148 L.Ed. 931 (2001) .........................7,8,10,12

*Magnolia Marine Transp. Co. v. Laplace Towing Corp.*,
964 F.2d 1571 (5th Cir. 1992) ..........................................................11

*Newton v. Shipman*,
718 F.2d 959 (9th Cir. 1983) (per curiam) ...........................................7,8,12

*Pershing Auto Rentals, Inc. v. Gaffney*,
279 F.2d 546 (5th Cir. 1960) ............................................................12

*Pickle v. Char Lee Seafood, Inc.*,
174 F.3d 444 (4th Cir. 1999) ..............................................................9

*Red Star Towing & Transp. Co. v. The Cargo Ship "Ming Giant"*,
*Yangming Marine Transp. Co.*, 552 F. Supp. 367 (S.D.N.Y. 1982) ............10

*Ruiz v. Puerto Rico Sun Oil Co.*,
497 F. Supp. 2989 (D.P.R. 1980) .......................................................8,9,11

*Urbaniak v. Shoreline Cruises, Inc.*,
459 F. Supp.2d 154 (N.D.N.Y. 2006) .......................................................9

*Valley Line Co. v. Ryan*,
771 F.2d 366 (8th Cir. 1985) ..........................................................9,11,12

**Statutes**

Article III, Section 2 of the U.S. Constitution (Judiciary Act of 1789) ....................6

28 U.S.C. Section 1333(1) ......................................................................11

28 U.S. Code § 1332 ............................................................................13

28 U.S.C. Section 1873 .........................................................................11


46 U.S.C. Section183(a) ........ 8

46 U.S.C. Section 30104 (Jones Act) ........ 11

46 U.S.C. Section 30505 ........ 6

FRCP Rule 9(h) ........ 6,9,10

FRCP Rule 38(e) ........ 9

FRCP Rule 39(c) ........ 12

Rule A, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ........ 6

Rule F, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ........ 6,11

Rule F(5), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Supplemental Admiralty Rules ........ 6,11,16

United States District Court, Central District, Local Rules, Rule 7-3 ........ 6

**Treatises**

3 Benedict on Admiralty § 11 ........ 14-15

3 Benedict on Admiralty § 12 ........ 15

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS-IN-LIMITATION JEREME CRIST, ERICA CRIST, AND JOANNA JACKSON'S MOTION TO STRIKE CLAIMANTS' JURY DEMAND, ADVISORY JURY DEMAND, REFRENCES TO DIVERSITY JURISDICTION, AND THE "COUNTERCLAIM"

Plaintiffs-in-Limitation JEREME CRIST, ERICA CRIST, and JOANNA JACKSON ("PLAINTIFFS-IN-LIMITATION") move the Court to strike the jury and advisory jury demand of Claimant ESTATE OF KIRRA IDELLA DRURY, LANCE NELSON, ASHLEY HEITZMAN, and GRANT PACEWICZH (collectively referred to as "Claimants") on the grounds that claimants in an Admiralty Limitation of Liability Action are not entitled to a jury and on the grounds that none of the exceptions to that general rule apply.[1] I It is also brought on the grounds that diversity jurisdiction does not apply, and is not properly invoked, and a "claim," not a "counterclaim," is the proper pleading under Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules")

## I. THERE IS NO RIGHT TO A JURY, OR AN ADVISORY JURY, IN A LIMITATION OF LIABILITY ACTION.

### A. Plaintiffs-in-Limitation's Complaint for Exoneration from, or Limitation of, Liability Falls Squarely Within the Court's Exclusive Admiralty Jurisdiction

Plaintiffs-in-Limitation's Complaint presents a claim for exoneration from, or limitation of, liability ("limitation claim") in accordance with Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules") and Section 30505 of Title 46 of the United States Code. It is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Compl. ¶ 1; Supp. Admiralty R. Rule A. Therefore, it falls directly within the Court's admiralty jurisdiction.

---

[1]Counsel met and conferred pursuant to L.R. 7-3 but were unable to reach a stipulation. Declaration of Mina M. Morkos, ¶¶ 2-5.

The Court's power to hear admiralty claims is granted in Article III, Section 2 of the U.S. Constitution. "The judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction . . . ." The Judiciary Act of 1789 "codified this grant of exclusive jurisdiction . . . ." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443; 121 S.Ct. 993; 148 L.Ed. 931 (2001). The current codification states, "The district courts shall have original jurisdiction, exclusive of the Courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

Thus, the Court has original and exclusive federal jurisdiction over this limitation claim. *See In re McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 826 (7th Cir. 1996); *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996); *Gorman v. Cerasia*, 2 F.3d 519, 524 (3d Cir. 1993); *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983) (per curiam); *In re Kirby Inland Marine, L.P.*, 237 F. Supp. 2d 753, 754-55 (S.D. Tex. 2002) ("Federal courts have exclusive admiralty jurisdiction over actions to determine whether a vessel owner is entitled to limited liability."); *In re Luhr Brothers Inc.*, 765 F. Supp. 1264, 1267 (W.D. La. 1991); *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 754 (2d Cir. 1988).

### B. In a Limitation Proceeding, the Court, Not a Jury, Determines What Caused the Loss and Whether the Shipowner had Privity or Knowledge of the Cause

One of the primary purposes of a limitation proceeding "is to provide a concursus for the determination of liabilities arising out of marine casualties where asserted claims exceed the value of the vessel, so there can be an effective marshaling of assets." *Anderson v. Nadon*, 360 F.2d 53, 57 (9th Cir. 1966).

The U.S. Supreme Court has addressed the issue at the heart of this motion as follows:

> The district court secures the value of the vessel or owner's interest, marshal's claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants. (Emphasis Added).

*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. at 448 (2001).

Thus, "the district court performs two chief functions: (1) if the district court determines that the loss occurred without the vessel owner's knowledge or privity, then the court must limit the owner's liability to the value of the vessel and its cargo-the limitation fund-46 U.S.C. § 183(a); (2) if the claims together exceed the limitation fund, then the court must provide for 'the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full.'" *Newton*, 718 F.2d at 961, *quoting In re Moran Transp. Co.*, 185 F.2d 386, 389 (2d Cir. 1950), *cert. denied*, 340 U.S. 953 (1951).

The determination of a limitation claim is a two-step process. "First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *In re Lloyd's Leasing Ltd.*, 764 F. Supp. 1114, 1133 (S.D. Tex. 1990); *In re Muer*, 146 F.3d 410, 416 (6th Cir. 1998); *In re Consolidation Coal Co.*, 123 F.3d 126, 132 (3d 1997); *Beiswenger*, 86 F.3d at 1036; *Gorman*, 2 F.3d at 524; *In re Great Lakes Dredge & Dock Co.*, 895 F. Supp. 604, 614 (S.D.N.Y. 1995); *In re Poling Transp. Co.*, 776 F. Supp. 779, 782 (S.D.N.Y. 1991); *Ruiz v. Puerto Rico Sun Oil Co.*, 497 F. Supp. 298, 299 (D.P.R. 1980).

### C. No Party to this Limitation Proceeding Has the Right to a Jury

The determination of liability in a Limitation Action is made by the court, not by a jury. Claimants in limitation of liability actions have no right to a jury trial. "In exercising [its] equitable power, of course, the admiralty court must necessarily deny claimants their right to pursue common law claims before a jury. There is no right to a jury in actions instituted in admiralty . . . ." *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988), *quoted in Gorman*, 2 F.3d at 524; *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 450 (4th Cir. 1999); *Muer*, 146 F.3d at 417; *In re McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 826 (7th Cir. 1996); *Beiswenger*, 86 F.3d at 1037; *Urbaniak v. Shoreline Cruises, Inc.*, 459 F. Supp.2d 154, 156 (N.D.N.Y. 2006); *In re J.A.R. Barge Lines, L.P.*, 307 F. Supp.2d 668, 674 (W.D. Penn. 2004); *Kirby Inland Marine*, 237 F. Supp. 2d at 755 ("As in all cases brought pursuant to admiralty jurisdiction, there is no right to a jury trial in limitation proceedings."); *Great Lakes Dredge & Dock*, 895 F. Supp. at 614; *In re Luhr Brothers Inc.*, 765 F. Supp. 1264, 1267 (W.D. La. 1991); *In re Lloyd's Leasing Ltd.*, 764 F. Supp. 1114, 1133 (S.D. Tex. 1990); *Ruiz*, 497 F. Supp. at 299 ("This entire proceeding in admiralty is conducted without a jury."); *Doughty v. Nebel Towing Co.*, 270 F. Supp. 957, 959 (E.D. La. 1967) ("There is of course no right to a trial by jury in admiralty proceedings, and when the Limitation Act is invoked by a separate proceeding the case is clearly one to be tried by the Admiralty Court."). *See Consolidation Coal*, 123 F.3d at 134; *Valley Line Co. v. Ryan*, 771 F.2d 366, 372 (8th Cir. 1985).

Rule 38(e) of the Federal Rules of Civil Procedure specifically states that the rules "will not be construed to create a right to trial by jury of the issues in admiralty or maritime claim within the meaning of Rule 9(h)."[2] Plaintiffs-in-Limitation's

[2] Rule 9(h) of the Federal Rules of Civil Procedures provides, in pertinent part:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the

Complaint is an admiralty claim cognizable only in admiralty within the meaning of Rule 9(h).

As noted, the U.S. Supreme Court has spoken on this issue as well. In *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 531 U.S. 438, 448; 121 S.Ct. 993; 148 L.Ed. 2d 931 (2001) the court stated: "In these proceedings, the court, sitting without a jury, adjudicates the claims."

In two limited instances – none of which are applicable here – a limitation claimant does have the right to demand a jury trial, to wit: (1) an independent jurisdictional basis, and (2) a statutory right.

***1. No Independent Jurisdictional Basis Creates a Right to a Jury Trial in This Limitation Proceeding***

The first instance is where claimants bring a claim on an independent jurisdictional basis, such as diversity or federal question jurisdiction. *Consolidation Coal*, 123 F.3d at 134; *Great Lakes Dredge & Dock*, 895 F. Supp. at 612; *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1064-65 (5th Cir. 1985); *Red Star Towing & Transp. Co. v. The Cargo Ship "Ming Giant", Yangming Marine Transp. Co.*, 552 F. Supp. 367, 371 (S.D.N.Y. 1982). Here, however, Claimant makes mention of diversity jurisdiction, but has not pled it as an independent jurisdictional basis for their claims. Therefore, Claimant has no basis upon which to make such a demand.

***2. No Statute Creates a Right to a Jury Trial in This Limitation Proceeding***

---

pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

The second instance in which a claimant in a limitation proceeding may demand a jury trial is where a statute creates a right to a jury trial. Although three statutes create such a right, none of them apply to this limitation proceeding.

Section 1873 of Title 28 of the United States Code creates a right to jury trials in cases involving vessels over 20 tons engaged in coastwise trade on lakes and the navigable waters connecting lakes. Section 30104 of Title 46, commonly referred to as the Jones Act, creates a right to jury trials in cases involving professional seafarers' personal injury and death claims against their employers. Neither statute is applicable here.

The third statute, Section 1333(1) of Title 28, not only vests exclusive, original jurisdiction over admiralty claims in the district courts, it also "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1) (2006). The "saving to suitors" clause preserves a claimant's right to a jury trial on common law claims. *See Muer*, 146 F.3d at 417; *Consolidation Coal*, 123 F.3d at 132; *In re McCarthy Bros. Co./Clark Bridge*, 83 F.3d 821, 827 (7th Cir. 1996); *Beiswenger*, 86 F.3d at 1036; *Gorman*, 2 F.3d at 524; *Dammers*, 836 F.2d at 755; *Valley Line*, 771 F.2d at 372; *Great Lakes Dredge & Dock*, 895 F. Supp. at 608; *Poling Transp.*, 776 F. Supp. at 782. However, Section 1333(1) creates a problem in that it both grants exclusive, original admiralty jurisdiction, under which parties have no right to jury trials, and preserves common law remedies, under which parties do have such a right.

"In resolving this tension, the 'primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Beiswenger*, 86 F.3d at 1037, *quoted in Muer* at 417 (quoting *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) and citing *Gorman*, 2 F.3d at 526); *Ruiz*, 497 F. Supp. at 300 ("[T]he only material consideration in determining whether the limitation

proceedings will supersede the claimant(s) rights under the "saving to suitors" clause is whether the fund is sufficient to meet all demands.").

The Supreme Court has held that claimants in a limitation proceeding may bring savings clause cases in state court before a jury, rather than in a district court in a bench trial, in two specific sets of circumstances that preserve the shipowner's right. *Muer*, 146 F.3d at 417; *Consolidation Coal*, 123 F.3d at 132(3d 1997); *Beiswenger*, 86 F.3d at 1036; *Gorman*, 2 F.3d at 524; *Dammers*, 836 F.2d at 755; *Valley Line*, 771 F.2d at 372-73; *Newton*, 718 F.2d at 962; *Pershing Auto Rentals, Inc. v. Gaffney*, 279 F.2d 546, 549 (5th Cir. 1960); *Kirby Inland Marine*, 237 F. Supp. 2d at 755; *Poling Transp.*, 776 F. Supp. at 783.

First, savings clause suits stemming from a Limitation Action are triable to a jury in state court when claimants stipulate that the aggregate amount of their claims does not exceed the value of the limitation fund. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. at 450 (2001); *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152; 77 S. Ct. 1269; 1 L. Ed. 2d 1246 (1957). Here, no such stipulation exists.

Second, savings clause suits stemming from a Limitation Action are also possible where the federal court retains jurisdiction over the limitation issue and there is only a single claimant. *Lewis & Clark*, 531 U.S. at 450-51; *Langes v. Green*, 282 U.S. 531, 542; 51 S.Ct. 243; 75 L.Ed. 520 (1931). Here, because there are multiple claimants, this jury trial exception also does not apply.

Finally, Claimants request for an advisory jury is procedurally improper and should be stricken. FRCP Rule 39(c) provides that "[i]n an action not triable of right by a jury, the court, ***on motion***, or on its own: (1) may try any issue with an advisory jury." (Emphasis added) Here, Claimants have failed to make the necessary motion to request an advisory jury. Moreover, Limitation Actions are litigated customarily in this court with the judge as factfinder. It should be the court's decision, not the

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS-IN-LIMITATION JEREME CRIST, ERICA CRIST, AND JOANNA JACKSON'S MOTION TO STRIKE CLAIMANTS' JURY DEMAND, ADVISORY JURY DEMAND, REFRENCES TO DIVERSITY JURISDICTION, AND THE "COUNTERCLAIM"

claimants, who are clearly using the advisory jury request as an end around the supreme court's holding in *Lewis v. Lewis & Clark Marine*, *supra.*

**II. ALL REFERENCES TO DIVERSITY OF JURISDICTION SHOULD BE STRICKEN FROM CLAIMANTS' PLEADING**

In what can only be interpreted as an attempt to circumvent the well-established laws against a jury in a limitation action, Claimants make a reference to diversity jurisdiction, claiming that "[t]he matter in controversy exceeds, exclusive of interests and costs, the sum specified under 28 U.S.C. §1332." Doc. 27, page 17, ¶ 1 (line 7). (Similar language is also mentioned in Claimant's Third-Party Complaint against Tabby Grabowski, served concurrently with this Counterclaim)

> 28 U.S. Code § 1332 states:
> "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."

28 U.S. Code § 1332 (a)

Here, none of the requirements for diversity jurisdiction are met. In fact, in Claimants' own pleadings, their list identifies all claimants as "citizens of California", and acknowledge that Plaintiff's-in-Limitation (referred to as "Counter-Defendants") are also "citizens of California." Doc. 27, page 16, ¶ 2-6 lines 22-26.

Therefore, Claimants have provided no facts to establish that diversity

jurisdiction applies (because none exist), and their reference to diversity jurisdiction in Paragraph 7 of Claimants' counterclaim should be stricken.

## III. ALL REFERENCE TO THE WORD "COUNTERCLAIM" SHOULD BE STRICKEN AND REPLACED WITH THE WORD "CLAIM"

As stated above, the procedural rules of a Limitation Action are governed by the Supplemental Admiralty Rules. Rule F(5) of the Supplemental Admiralty Rules states:

> Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Rule F(5) of the Supplemental Admiralty Rules

Rule F makes no mention of a counterclaim as the proper pleading in response to a complaint for exoneration from, or limitation of, liability.

A "claim" is the proper responsive pleading to a complaint for exoneration from, or limitation of, liability, and a "counterclaim" is a proper pleading for a plaintiff-in-limitation. Benedict on Admiralty states:

> [T]here has been no dispute that the shipowner <u>plaintiff in a limitation action may seek to recover for damages it has sustained by way of counterclaim</u> against those who appear to assert damage claims, and may join through third party practice under Federal Rule of Civil Procedure 14, such parties who may be liable for the shipowner's damages, or liable to the shipowner by way of contribution or indemnity for damages the shipowner may be required to pay to the damage claimants….
>
> The defendants in the limitation action are those parties who have suffered damage in the casualty and would normally be plaintiffs in their own right, had they commenced the action originally. Also, the

> vessel owner, who is nominally the plaintiff in the action, may file a counterclaim against claimants who file claims in the action, and may seek to join other parties who may share in the liability for the casualty by way of contribution, or who may be liable over to the plaintiff by way of indemnity, as third party defendants under Federal Rule of Civil Procedure 14, with a demand that the third party defendant(s) defend directly as to the claims asserted by others against the plaintiff under Rule 14(c). (Emphasis Added).

3 Benedict on Admiralty § 11 and 3 Benedict on Admiralty § 12 (citing *Acacia Vera Navigation Co., Ltd. v. Kezia, Ltd.*, 78 F.3d 211, 1996 A.M.C. 2592 (5th Cir. 1996)).

By filing a counterclaim, Claimants' have taken on the role of a defendant, not the proper role of "those parties who have suffered damage," causing confusion, ambiguity and inconsistency in the pleadings. Also, by filing a counterclaim, Claimants' have used a pleading that should be used by Plaintiffs-In-Limitation, not Claimants. Finally, a counterclaim requires a claim to counter, and does not stand alone. A complaint for exoneration from, or limitation of, liability is not a claim to be countered.

If Claimant's seeks to reserve rights afforded to a counterclaimant, those rights are already provided to a claimant in a limitation action. Exhibit A to Plaintiffs-in-Limitation's Ex Parte Application filed concurrently with their Complaint in Admiralty for Exoneration from, or Limitation of, Liability, Doc. 4-1, page 8 ¶3 states, in part:

> counterclaim against an opposing party is supposed to be included in a pleading…but a shipowner-plaintiff in a limitation proceeding, who would be the party most likely to have a counterclaim, files only one pleading and, at that stage of the proceeding, has no opposing…..parties….but a claimant does not ordinarily know who his co[-]parties are when he files his pleading. It must be borne in mind that neither a counterclaim nor a crossclaim is by itself a pleading. The plaintiff may, of course, be considered truly a defendant, as in substance he is, and the claims of the claimants may

> be regarded as counterclaims, which would then, under Rule 14(b), solve the problem. (Emphasis Added).

Doc. 4-1, page 8 ¶3

In a sense, a claim filed by a claimant in a limitation action has the same effect as a counterclaim. Claimants' use of the term "counterclaim" muddies the waters, and begs the question of how the claim should be dealt with pursuant to Rule F(5) of the Supplemental Admiralty Rules. Ordinarily, such claims in a limitation action do not require a responsive pleading. By filing a counterclaim, Claimants' actions fall outside Rule F(5) and creates an ambiguity and deviation from the rules. This ambiguity creates unnecessary pleadings with the court and a lack of continuity and clarity, when compared to the other claims filed in the same action.

Therefore, in the interest of clarity and consistency, the word "counterclaim" should be stricken from Claimant's pleadings and replaced with the word "Claim" in adherence with Rule F(5) of the Supplemental Admiralty Rules.

**IV. CONCLUSION**

Plaintiffs-in-Limitation request that the Court strike Claimants' demand for a jury trial, request for an advisory jury trial, any reference to diversity jurisdiction, and the word "counterclaim," and request "counterclaim" be replaced with the word "Claim."

DATED: May 24, 2019

COX WOOTTON LERNER
GRIFFIN & HANSEN LLP

By: /s/ Mina M. Morkos
Neil S. Lerner. Esq.
Mina M. Morkos, Esq.
Attorneys for Plaintiffs-in-Limitation:
JEREME CRIST, ERICA CRIST, and
JOANNA JACKSON

16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS-IN-LIMITATION JEREME CRIST, ERICA CRIST, AND JOANNA JACKSON'S MOTION TO STRIKE CLAIMANTS' JURY DEMAND, ADVISORY JURY DEMAND, REFRENCES TO DIVERSITY JURISDICTION, AND THE "COUNTERCLAIM"